**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.1:16CR154** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **DAVID GUEVARA, SR.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motion (ECF DKT #28) of Defendant, David Guevara ("Guevara"), to Withdraw Plea. Guevara argues that withdrawal of his guilty plea is justified because he did not understand the concepts of "departures" and "variances" at the time of his plea. Furthermore, Guevara argues that withdrawal of his plea is necessary in order to admit at sentencing previously undiscovered medical records which were not available at the time of his plea. Based upon the case law requirements for withdrawing a plea, Guevara's argument has no merit. Therefore, his Motion to Withdraw Plea is DENIED.

**I. FACTUAL BACKGROUND**

On April 11, 2016, Guevara was charged in a Complaint with Transportation of a Minor, in violation of 21 U.S.C. § 2423(a). On April 14, 2016, probable cause was found by

the Court and Guevara was bound over by the grand jury.

On June 10, 2016, Guevara waived Indictment and pled guilty to Transportation of a Minor, in violation of 21 U.S.C. § 2423(a).  The plea was accepted by the Court.

On August 18, 2016, counsel for Guevara filed a Motion to Withdraw the Plea of Guilty based on previously undisclosed medical records of Guevara.  Guevara wishes to withdraw his plea so that his counsel can present these records to the Court in support of mitigating his sentence.  On August 22, 2016, counsel for Plaintiff filed an Opposition to Defendant's Motion to Withdraw Plea.

## II. LAW AND ANALYSIS

### Standard of Review

"A defendant may withdraw a plea of guilty...after the court accepts the plea, but before it imposes sentence, if...the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006).  "This rule is designed to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Ellis*, 470 F.3d at 280-81.

"A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *Id.* at 280.  "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledges committing the crime, the occasion for setting aside a guilty plea should seldom arise." *Id.*  This is because a withdrawal "is inherently in derogation of the public

interest in finality and the orderly administration of justice." *Id.* "Withdrawal of a plea is appropriate where there is a real confusion or misunderstanding of the terms of the agreement." *Id.* at 281.

The Court will consider a number of factors in determining whether a defendant has met the burden of establishing a fair and just reason to withdraw his guilty plea, including:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
> (3) whether the defendant has asserted or maintained his innocence;
> (4) the circumstances underlying the entry of the guilty plea;
> (5) the defendant's nature and background;
> (6) the degree to which the defendant has had prior experience with the criminal justice system; and
> (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* at 281.

"The factors listed are a general, non-exclusive list and no one factor is controlling." *Id.*

**Time between plea and motion to withdraw**

There is no set time frame with regard to Rule 11(d) relief, but motions to withdraw a guilty plea are generally denied if "any substantial time has passed" between entry of the plea and filing of the motion. *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991); *Ellis*, 470 F.3d at 280. The Sixth Circuit has held a thirty-five-day delay to be untimely. *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1988).

Guevara's motion was filed sixty-nine days after entering a plea of guilty. This delay is quite substantial and weighs against granting the withdrawal of Guevara's plea.

**Reason for failure to move earlier**

Guevara has failed to provide a sufficient reason as to why the Motion to Withdraw Plea was not made sooner.  Guevara hints at the fact that the reason for the delay was the inability to locate medical records.  However, the defendant's difficulty in locating records does not prevent the defendant from carrying out the terms of his plea agreement and cannot cause the Court to deem any of the terms of the plea agreement ambiguous.  *Ellis*, 470 F.3d at 280.

Additionally, Guevara argues that the discovery of medical records could be a basis for the withdrawal of his plea.  While the contents of the medical records may be used as mitigating factors at sentencing, the mere existence of the medical records cannot be used as a factor to withdraw a guilty plea.

**Assertion of innocence**

On June 10, 2016, Guevara entered his plea of guilty.  Since that day, he has not proclaimed his own innocence.  In the Defendant's Motion to Withdraw Plea, Guevara did not proclaim his innocence or contest his guilt in any manner.  For these reasons, withdrawal of his plea is not warranted.

**Circumstances underlying guilty plea**

Guevara now states that he does not understand the concepts of "departures" and "variances" and states that he only came to understand the concepts after he had entered into the written plea.  As such, he wishes to retract his plea of guilty.  However, the record states that Guevara was competently counseled by his attorney.  On June 10, 2016, the day of the guilty plea, Judge Limbert carefully questioned Guevara on whether he understood the ramifications of entering a guilty plea and whether he was able to consult with his attorney about the plea.  Guevara responded that he understood his decisions and was satisfied with his representation in

the case. For these reasons, the circumstances underlying the plea weigh in favor of denying the Motion.

**Background and prior experience with criminal justice system**

A defendant's background and experience are relevant to determining whether he understood the consequences of his guilty plea. *Ellis*, 470 F.3d at 285. The record shows that Guevara has previous mental, medical and substance-related issues. However, Guevara was questioned about his competence before making his plea. Only after the line of questioning did the Court determine that Guevara was competent to have freely and voluntarily made his plea. Additionally, Guevara has been convicted of twenty-one adult criminal offenses. Guevara's vast experience within the criminal justice system would have given him the opportunity to understand the ramifications of his guilty plea.

**Prejudice to the government**

"[T]he government is not required to establish prejudice that would result from a plea withdrawal [] unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Ellis*, 470 F.3d at 286 (quoting *Spencer*, 836 F.2d at 240). Even if a defendant fails to establish a fair and just reason, the Court may consider potential prejudice in exercising its discretion. *Spencer, id.*

The granting of the Motion would prejudice the government in several ways. First, the granting of the Motion would cause a delay in the prosecution of the case. Second, had the government known a trial was possible, it would have added a charge to the superseding indictment. Adding a charge at this stage would waste time and resources, including calling a grand jury. Third, the government would have to contact witnesses as far away as Philadelphia

to testify.  Lastly, the victim in the case would be forced to testify about the victimization after being told she would not have to testify as a result of the initial guilty plea.

### III. CONCLUSION

Defendant Guevara knowingly and voluntarily entered into a guilty plea with the Court.  It has been over two months since the plea and in that time Guevara has not proclaimed his innocence.  Lastly, Guevara states that he wishes to retract his plea to present medical records to the Court.  However, any medical records presented to the Court would be used as mitigating factors at sentencing, not as a factor used to withdraw a guilty plea.  Guevara has not shown a fair and just reason under Fed R. Crim. P. 11(d)(2)(B).  Therefore, his Motion (ECF DKT #28) to Withdraw Plea is DENIED.

IT IS SO ORDERED.

s/ Christopher A. Boyko<br>
CHRISTOPHER A. BOYKO<br>
United States District Judge

Dated:  August 30, 2016