**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 4:16CR154** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DAVID GUEVARA, SR.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant's Motion to Amend. Defendant, who was convicted under the name David Guevara, Sr., requests that the Court amend the Judgment so as to change Defendant's name to Erika Guevara Sanchez. For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

On April 11, 2016, the Government filed a Complaint charging Defendant with one count of Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a). (ECF #1). On May 17, 2016, the Government filed an Information with the same charge. (ECF #1). Defendant signed a waiver of Indictment, filed June 10, 2016. (ECF #19). Defendant pleaded guilty and on September 7, 2016, the Court sentenced Defendant to 262 months in custody. (ECF #28).

Defendant filed two motions asking the Court to amend the Judgment to conform with Defendant's legal name. (ECF # 67; ECF # 68). The Government did not respond to either Motion.

## II. LAW AND ANALYSIS

"[A] court may revisit a criminal judgment that has become final only when the court has some lawful authority to do so." *United States v. Lambert*, 2026 U.S. Dist. LEXIS 112230, *2 (E.D. Mich May 20, 2026) (citing *United States v. Asker*, No. 21-1643, 2023 WL 3370440, at *2 (6th Cir. May 11, 2023). Federal Criminal Rule of Procedure 36 governs here:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Defendant's request does not qualify as a "clerical error" or an error "arising from oversight or omission" and therefore falls outside of the narrow scope of clerical corrections Rule 36 permits. *Lambert*, 2026 LEXIS 112230, at *3. The Federal Rules of Criminal Procedure thus gives this Court no authority to amend the Judgment based on a post-judgment name change. *See United States v. Langan*, 2024 U.S. Dist. LEXIS 220408 (S.D. Ohio Dec. 5, 2024) ("An inmate who changes his name does not have a right to have documents, such as the criminal judgment, which pre-dated his legal name change altered to reflect the newly adopted name." (citing *United States v. Baker*, 415 F.3d at 1274 ) (citing *Imam Ali Abdullah Akbar v. Canney*, 634 F.2d 339, 340 (6th Cir. 1980)); *see also United States v. White*, 490 Fed. App'x 979, 981 (10th Cir. 2012) (affirming the district court's holding that the defendant "does not . . . have a right to retroactively change the name under which he was convicted"); *see also United States v. Varner*, 948 F.3d 250, 254 (5th Cir. 2020) (denying a motion to amend the judgment to reflect a name change following gender reassignment surgery and reasoning that Rule 36, which permits a

judgment to be corrected for "a clerical error," does not apply to a legal name change which took place after the judgment entry).

Defendant does not argue and nothing in the record suggests that the name on the Judgment was incorrect at the time it was entered. The Court therefore finds it lacks authority to alter or amend the Judgment to reflect Defendant's post-judgment name change.

## III. CONCLUSION

Accordingly, Defendant's Motion to Amend is **DENIED**.

**IT IS SO ORDERED.**

**/s Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: August 24, 2026**